993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert REICH, Secretary of Labor, United States Department
of Labor,* Plaintiff-Appellant,
v.
CENTRAL CALIFORNIA DISTRICT COUNCIL OF CARPENTERS, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
AFL-CIO, Defendant-Appellee.
 No. 91-15831.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1993.
Decided May 12, 1993.
 
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Secretary of Labor appeals the grant of summary judgment, based on the district court's finding that the statute of limitations barred the Secretary's complaint, in favor of the Central California District Council of Carpenters ("District Council"). The Secretary's suit was filed ninety-seven days after he accepted a complaint from an unsuccessful candidate in the District Council's April 1989 election. The relevant statute, 29 U.S.C. § 482(b) (1988), requires that a suit to set aside election results be filed within sixty days of receiving a proper complaint. We have jurisdiction over the Secretary's timely appeal pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 
 3
 On April 19, 1989, the District Council conducted its first-ever officer election. Thomas Pearl, a candidate for the position of trustee, lost his race by two votes. On May 4, 1989, Pearl filed an internal election challenge with the United Brotherhood of Carpenters and Joiners of America ("UBC").[1] UBC General President Sigurd Lucassen, after investigating Pearl's charges, denied the challenge on August 18, 1989. On August 29, 1989, Pearl filed a complaint with the Department of Labor ("DOL"); that complaint was forwarded to the appropriate local DOL officials, where it was received August 31, 1989.
 
 
 4
 The Secretary is statutorily empowered to investigate complaints about labor organization elections, and, "if he finds probable cause to believe that a violation ... has occurred and has not been remedied," to "bring a civil action against the labor organization ... in the district court of the United States." 28 U.S.C. § 482(b). Section 482(b) requires prompt action; an unremedied violation "shall, within sixty days after the filing of [a] complaint," result in "a civil action against the labor organization." Id. (emphasis added). Here, the Secretary filed his action against the District Council on December 6, 1989--ninety-seven days after receiving Pearl's complaint.
 
 
 5
 The district court granted the District Council's motion for summary judgment (and denied the Secretary's summary judgment motion) on April 1, 1991. In refusing to excuse the tardy inception of litigation, the court found that "DOL was simply dilatory in pursuing its investigation and filing its complaint."
 
 
 6
 The district court determined that, at most, only thirty of the thirty-seven days over the statutory time period could be equitably tolled because of the District Council's refusal to cooperate. We review de novo a grant of summary judgment. Jones v. Union P.R.R., 968 F.2d 937, 940 (9th Cir.1992). We must ascertain whether there are any genuine issues of material fact and "whether the district court correctly applied the relevant substantive law." FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 7
 We have previously ruled that "the 60-day time limit in § 482(b) is not a jurisdictional requirement," but rather "a directive to the Secretary of Labor." Marshall v. Local Union 1374, 558 F.2d 1354, 1357 (9th Cir.1977) (quotation omitted). This is because "if we were to hold that the 60-day time limit was an absolute bar," "[t]he complaining union member ... would be left without any remedy.... We do not believe that Congress intended that seemingly meritorious claims should go unremedied simply because the Secretary filed his complaint one working day late." Id. at 1358.
 
 
 8
 We decline to extend Marshall v. Local Union 1374 (a case not cited to the district court until the Secretary's motion for reconsideration) to this case. Section 482(b)'s sixty-day time limit, while "directive" rather than "jurisdictional," may not be completely ignored. The Secretary's staff did not attentively pursue its investigation against the District Council. The investigator assigned to the case did not contact the District Council until September 12, 1989, twelve days (or 20% of the sixty day period allotted in § 482(b)) after receiving Pearl's complaint. Additionally, neither the investigator nor his supervisors ever attempted to secure a routine time waiver or extension from District Council officials or attorneys.
 
 
 9
 These and other considerations[2] counsel our conclusion that § 482(b) should be read, in this case, to bar the Secretary's suit. We agree with the district court that no view of the facts would excuse more than thirty of the thirty-seven late days. Marshall does not give the Secretary carte blanche to drag his heels in filing an election-related suit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Robert Reich, who succeeded Lynn A. Martin as Secretary of Labor, is substituted as plaintiff-appellant in this case. Fed.R.App.P. 43(c)(1)
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The District Council contends that Pearl is not "[a] member of a labor organization," 29 U.S.C. § 482(a), and that he is therefore not entitled to challenge the election. The District Council also maintains that Pearl did not exhaust his internal union remedies before filing his complaint with the Secretary. See id. (requiring exhaustion). These arguments are not directly relevant to the § 482(b) time period question, and will not be addressed in this disposition
 
 
 [2]
 The Loma Parete earthquake shook San Francisco in October 1989, a circumstance the District Council argues should weigh in this court's decision. The equities, however, cut both ways. On the one hand, the Secretary cannot be blamed for the earthquake. Local DOL offices were shut down for at least several days, and transportation in and around San Francisco was certainly more difficult than usual. On the other hand, the scheduled inspection of records was set for the District Council's office, which apparently was not damaged by the earthquake
 Similarly, if the District Council had been cooperative earlier, the DOL's inspection likely would have been completed prior to the earthquake. At the same time, if the Secretary's investigator had not waited 12 days before making his initial phone call after receiving the complaint, the investigation could also have been completed prior to the disaster.
 Accordingly, we give the earthquake factor no weight.